UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROLAND DAVID THOMPSON** | **CIVIL ACTION NO. 3:14-cv-2505** |
| **LA. DOC #455074** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN TIMOTHY KEITH** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Roland David Thompson, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 15, 2014. Petitioner attacks his 2002 forcible rape conviction and the twenty-five year sentence imposed thereon by the Fifth Judicial District Court, Richland Parish. For the following reasons it is recommended that the petition be deemed second and successive and, owing to the Court's lack of jurisdiction, **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

*Statement of the Case*

Petitioner was indicted by the Richland Parish Grand Jury and charged with aggravated rape of an 11 year old child in a case assigned Docket Number F-2001-250. On May 22, 2002, he entered into a plea agreement and pled guilty to the lesser offense of forcible rape; in accordance with the agreement he was sentenced to serve 25 years at hard labor. He did not appeal his conviction and sentence. He filed an application for post-conviction relief in the Fifth Judicial District Court on September 12, 2003. The application was denied by the District Court, the

Second Circuit Court of Appeal, and ultimately by the Louisiana Supreme Court on February 4, 2005. *State of Louisiana ex rel. Roland D. Thompson v. State of Louisiana*, 2004-0222 (La. 2/4/2005), 893 So.2d 89.

On March 22, 2005, he filed a *pro se* petition for writ of *habeas corpus* in this Court; he argued the following claims for relief, (1) inadequate factual basis for the plea and sentence and plea not intelligently made; and (2) excessive sentence. On October 17, 2005, United States Magistrate Judge James D. Kirk recommended dismissal of the petition as time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).[1] Thereafter, on January 19, 2006, United States District Judge Robert G. James adopted the recommendation and ordered that the petition be dismissed with prejudice as time-barred. On February 9, 2006, Judge James denied petitioner's motion for certificate of appealability (COA). *See Roland David Thompson v. Warden Cupp*, No. 3:05-cv-520 at Docs. 1 (petition), 8 (report and recommendation), 10 (judgment), and 15 (denial of COA). Thereafter, on February 14, 2007, the United States Fifth Circuit Court of Appeals also denied a COA. *Thompson v. Warden*, No. 06-30148.

On May 31, 2012, petitioner married his victim once she reached the age of majority. On June 12, 2013, the victim produced an affidavit attesting to her "aggressive behavior" and petitioner's intoxication at the time of the rape. Petitioner then commenced a second round of

---

[1] Magistrate Judge Kirk concluded that petitioner's judgment of conviction and sentence "became final by the ... expiration of the time for seeking [further direct] review..." on May 31, 2002 when the 5 day period for filing an appeal under then existing Louisiana law expired. The Magistrate Judge then concluded that petitioner had one year or until May 31, 2003, within which to file a timely petition for habeas corpus and, since petitioner did not file his otherwise timely application for post-conviction relief until August 25, 2003, at the earliest, he could not toll limitations pursuant to Section 2244(d)(2) since the 1 year period expired before he filed his application. *See Thompson v. Cupp, Warden*, No. 3:05-cv-0520 at Doc. 8.

post-conviction litigation on August 9, 2013, based on this "newly discovered evidence." This second round of post-conviction relief ended on July 31, 2014, when the Louisiana Supreme Court rejected his newly discovered evidence claim and denied writs finding the application time barred by La. C.Cr.P. art. 930.8. *State of Louisiana ex rel. Thompson v. State*, — So.3d —, 2013-2807 (La. 7/31/2014), 2014 WL 3859145.

On August 15, 2014, petitioner filed the instant petition for *habeas corpus* raising two claims – (1) the State of Louisiana deprived petition of the right to appointment of counsel to develop his ineffective assistance of counsel claims based on newly discovered evidence and (2) the State of Louisiana deprived petitioner of access to courts to remedy his unlawful conviction and sentence based upon newly discovered evidence. [Doc. 1]

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  This is the second petition for *habeas corpus* filed by this petitioner. The petition attacks the same conviction and sentence which was the subject of the first petition.  "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998). Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id. See also Crone v. Cockrell,* 324 F.3d 833.  Petitioner's claim (or one similar to it) was either raised in his first petition or

could have been; his first petition was dismissed with prejudice as time-barred. Therefore, this petition is successive.[2]

Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be

---

[2] Although a dismissal based on the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See In re: Flowers*, 595 F.3d 204, 205 (5th Cir.2009) (*per curiam* ).

**TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, September 22, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**